WEBSTER v. UNITED STATES.
No. 6754.

United States Court of Appeals, Fourth Circuit.

Argued March 15, 1954.
Decided April 5, 1954.

Fate J. Beal, Asst. U. S. Atty., Lenoir, N. C. (James M. Baley, Jr., U. S. Atty., Asheville, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

██ This is an appeal from an order denying a motion made under 28 U.S.C. § 2255 to set aside or correct a sentence of imprisonment. Appellant had waived indictment and pleaded guilty to a charge of transporting forged securities in interstate commerce in violation of 18 U.S.C. § 2314 and had been sentenced to a term of three years imprisonment to commence upon the expiration of the term of imprisonment that he was then serving under the sentence of a North Carolina State court. Before the expiration of the term of imprisonment imposed by the state court, appellant escaped from prison, but was apprehended by federal officers and, after being held by them for a period of about a month, was delivered to the state authorities for the service of the remainder of his state prison term. Upon the completion of that term he was delivered to the federal authorities and entered upon service of the term imposed by the lower court. The latter term has not yet expired if counted from the expiration of the term imposed by the state court. Appellant contends, however, that it should be counted from the time when he was arrested and taken into custody upon his escape from the state prison. We think that this contention is entirely without merit, as appellant, upon his arrest by the federal officers, was being held for the completion of his state sentence, not for the service of the federal sentence; but at all events it furnishes no ground for relief under 28 U.S.C. § 2255. Motion under that section may be availed of to vacate or set aside a sentence improperly imposed, not to secure release after service of the sentence. There is nothing in the record to indicate that the sentence was in any way improper.

Affirmed.